IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY LEE HUNT,                                    OPINION AND ORDER
                                             Case No. 6:13-cv-00500-AA
        Plaintiff,

    v.

SALLIE MAE, INC.,

        Defendant.
_____

Michael Fuller
Olsen Daines, PC
PO Box 2316
Portland, Oregon 97208
    Attorney for plaintiff

James M. Barrett
Daniel L. Boyer
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 SW Columbia Street, Suite 1500
Portland, Oregon 97201

Page 1 - OPINION AND ORDER

Bonnie L. Martin, admitted pro hac vice
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Jeffrey Lee Hunt filed a second amended complaint ("SAC") against defendant Sallie Mae, Inc., alleging a violation of the Oregon Unlawful Debt Collection Practices Act ("OUDCPA"), Or. Rev. Stat. §§ 646.639-646.656, and a common law claim for invasion of privacy based on an intrusion upon seclusion. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

On May 6, 2010, plaintiff executed a Federal Direct Stafford/Ford Loan Application and Master Promissory Note (the "Promissory Note") for student loans under the William D. Ford Federal Direct Loan Program. Def.'s Mem. in Supp. of Mot. Dismiss 2. Under the terms of the Promissory Note, plaintiff agreed to repay the loans, plus interest and other charges and fees. Id. Defendant is the loan servicer for plaintiff's loans.

Beginning sometime in 2011, plaintiff stopped making his student loan payments to defendant and defaulted on his loans. SAC ¶¶ 9-10. Plaintiff hired an attorney to represent him with regard to his student loan debt and provided notice to defendant of the

Page 2 - OPINION AND ORDER

representation. Id. at ¶¶ 11-12. Plaintiff alleges defendant then began to harass him by calling, writing, and emailing him multiple times a day attempting to collect on the loans. Id. at ¶¶ 13-14. Plaintiff alleges he repeatedly told defendant it was harassing him and requested defendant stop contacting him directly, but defendant continued. Id. at ¶¶ 16-17.

On March 22, 2013, plaintiff filed this action. Id. at ¶ 24. Plaintiff alleges after defendant received notice of this lawsuit, it continued to harass him and also contacted his mother and a relative in attempt to collect from him. Id. at ¶¶ 25-30. On May 10, 2013, plaintiff filed an amended complaint. Id. at ¶ 31. Plaintiff alleges defendant continued to harass him and also contacted his son and daughter multiple times in further attempts to collect on the loans. Id. at ¶¶ 32-33. On June 24, 2013, plaintiff filed a motion for preliminary injunction which this Court denied as moot, accepting defendant's representation that it had ceased all contact with plaintiff. This Court, however, granted plaintiff leave to file a renewed motion for preliminary injunction, should defendant reinitiate contact with plaintiff or his family during this case.

On December 2, 2013, plaintiff filed his SAC alleging a violation of the OUDCPA and a common law claim for invasion of privacy based on an intrusion upon seclusion. Id. at ¶¶ 41-52.

Page 3 - OPINION AND ORDER

Defendant moves to dismiss plaintiff's SAC on the grounds that both of plaintiff's claims are preempted. Def.'s Mot. Dismiss 2.

**STANDARD OF REVIEW**

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**DISCUSSION**

The Higher Education Act ("HEA") of 1965, 20 U.S.C. §§ 1001-1155, was passed "to keep the college door open to all students of ability, regardless of socioeconomic background." Chae v. SLM Corp., 593 F.3d 936, 938 (9th Cir. 2010) (internal quotation omitted). The HEA established the Guaranteed Student Loan ("GSL")

Page 4 - OPINION AND ORDER

program, 20 U.S.C. §§ 1071-1084-4, later renamed the Federal Family Education Loan Program ("FFELP"). Id. at 938 n.1 (citing Higher Education Amendments of 1992, Pub. L. No. 102-325, § 411(a)(1), 106 Stat. 448, 510 (1992)).

Under the FFELP, the Secretary of the U.S. Department of Education (the "Secretary") is authorized to prescribe such regulations as may be necessary to carry out the purposes of the Act, including regulations applicable to third party servicers. 20 U.S.C. § 1082(a)(1). Under this authority, the Secretary promulgated 34 C.F.R. § 682.411, a detailed regulatory framework which requires a lender to exercise due diligence when a student borrower becomes delinquent, by performing a series of collection efforts including written notices and telephone calls. Id. § 682.411(c)-(h). The regulation specifically states it preempts any state law, including state statutes, regulations, or rules, that would conflict with or hinder satisfaction of the requirements or frustrate the purposes of the regulation. Id. § 682.411(o)(1).

Congress has amended the HEA over the years to create new student loan programs, including the William D. Ford Federal Direct Loan Program ("Direct Loan Program"), 20 U.S.C. §§ 1087a-1087j. Direct Loans are subject to the same terms, conditions, and benefits as FFELP loans.[1] Id. § 1087e(a)(1). The Secretary is

---

[1] Defendant asserts and plaintiff does not dispute that plaintiff's Direct Loans are subject to 34 C.F.R. § 682.411.

Page 5 - OPINION AND ORDER

also authorized to contract with third-party servicers to service Direct Loans. Id. § 1087f. As part of the Health Care and Education Reconciliation Act ("HCERA") of 2010, Pub. L. No. 111-152, §§ 2201-2213, 124 Stat. 1029, 1074-81, Congress discontinued the issuance of new FFELP loans after June 30, 2010. See 20 U.S.C. § 1071(d).

I. Preliminary Matter

To support its motion to dismiss, defendant requests this Court take judicial notice of a redacted copy of the Promissory Note executed by plaintiff for his Direct Loans. Def.'s Mem. in Supp. of Mot. Dismiss at Ex. 1.

Review of a Rule 12(b)(6) motion is generally limited to the complaint. U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). However, a court can consider extrinsic documents if they are integral to the plaintiff's claims and their authenticity is undisputed. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). Under the Federal Rules of Evidence, a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; see also Ritchie, 342 F.3d at 909. Facts subject to judicial notice may be considered on a motion to

dismiss. Mullis v. U.S. Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

The facts contained in the Promissory Note are generally known to the parties, its authenticity and accuracy "cannot reasonably be questioned," and it is integral to plaintiff's claims. Therefore, the Court takes judicial notice of the Promissory Note.

II. Oregon Unlawful Debt Collection Practices Act Claim

Defendant argues plaintiff's OUDCPA claim is preempted by the HEA based on Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260 (9th Cir. 1996). Def.'s Mem. in Supp. of Mot. Dismiss at 7-10. In Brannan, the Ninth Circuit held the HEA preempts the OUDCPA. Brannan, 94 F.3d at 1266. The court reached this decision by looking to the Secretary's official notice of interpretation for 34 C.F.R. § 682.411. Id. at 1263-64 (citing 55 Fed. Reg. 40120). In his interpretation, the Secretary concluded student loan regulations governing pre-litigation collection activity preempt all inconsistent state law, including case law, statutes, and regulations. Id. at 1263 (citing 55 Fed. Reg. at 40120-21). According to the Secretary, state law is inconsistent with student loan regulations when it would "prohibit, restrict, or impose burdens" on pre-litigation collection activity by third-party servicers. Id. (quoting 55 Fed. Reg. at 40121). The Ninth Circuit found the Secretary's interpretation to be neither arbitrary, capricious, or manifestly contrary to the HEA. Id. at 1264-65.

Page 7 - OPINION AND ORDER

In turning to Oregon law, the Ninth Circuit found that while the HEA and its regulations establish what a loan collector must do in order to show due diligence, the OUDCPA consists entirely of restrictions and prohibitions on collection activity. Id. at 1266 (internal citations omitted). As a result, the court held the HEA and its regulations preempt the OUDCPA. Id. The court explained that based on the Secretary's interpretation, if a student loan defaulter in Oregon believes a third-party debt collector has engaged in unfair pre-litigation collection activity, her remedy lies in the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, not in the OUDCPA. Id. (citing 55 Fed. Reg. at 40121).

Plaintiff argues his OUDCPA claim is not preempted because Brannan is limited to "pre-litigation" collection activities whereas the allegations in his SAC all relate to "post-litigation" collection activities by defendant after plaintiff initiated this lawsuit. Pl.'s Resp. in Opp. to Def.'s Mot. Dismiss 3-4. Plaintiff's interpretation of Brannan is incorrect. In fact, the Secretary first interpreted the regulations requiring a lender to conduct pre-litigation activities. 55 Fed. Reg. at 40121. The regulations require lenders to make a number of direct contacts with the borrower, at specified intervals, using particular warnings to attempt to persuade the borrower to repay the loan. Id. (internal citations omitted). The regulations also require

Page 8 - OPINION AND ORDER

lenders to use skip-tracing if necessary. Id. (internal citations omitted). The Secretary explained these provisions preempt state laws that "prohibit, restrict, or impose burdens" on completion of this sequence of contacts. Id.

The Secretary next interpreted the regulations requiring a lender to initiate litigation and enforce a judgment against a defaulting borrower. Id. at 40122 (internal citations omitted). The Secretary explained that because these regulations do not dictate the manner in which the lender must conduct the litigation or enforce a judgment, these regulations do not preempt state law. Id. However, the Secretary explained the regulations would preempt state laws, if any exist, that would conflict with the requirement that a lender initiate suit and attempt to enforce a judgment. Id.

The meaning of "pre-litigation" in the Secretary's interpretation refers to collection activity the lender must engage in prior to the lender initiating a lawsuit against the borrower. Plaintiff cites no authority for the principle that when a borrower initiates a lawsuit against the lender, as here, the lender may not continue to engage in these activities. As a result, based on Brannan, plaintiff's OUDCPA claim is preempted by the HEA.

III. Invasion of Privacy Claim

Defendant next argues plaintiff's common law claim for invasion of privacy based on an intrusion upon seclusion is also preempted by the HEA. Def.'s Mem. in Supp. of Mot. Dismiss at 10-

Page 9 - OPINION AND ORDER

11. Oregon recognizes the tort of invasion of privacy based on an intrusion upon seclusion. <u>Mauri v. Smith</u>, 324 Or. 476, 482-83, 929 P.2d 307, 310 (1996). To state a claim plaintiff must prove: "(1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." <u>Id.</u>

In <u>Brannan</u>, the only Oregon law the Ninth Circuit held preempted by the HEA was the OUDCPA. <u>Brannan</u>, 94 F.3d at 1266. However, the court stated "preemption includes <u>any</u> State law that would hinder or prohibit <u>any</u> activity" taken by third-party debt collectors prior to litigation. <u>Id.</u> (quoting 55 Fed. Reg. at 40121) (emphasis in original). In addition to the OUDCPA, the Ninth Circuit has held California business, contract, and consumer protection laws are preempted by the HEA. <u>See Chae</u>, 593 F.3d at 950.

This Court notes other Circuits have declined to find the HEA so broadly preempts state law claims. <u>See Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1129 (11th Cir. 2004) ("[T]he <u>Brannan</u> court did not engage in a provision-by-provision preemption analysis; instead, it viewed the Oregon statute broadly, concluded that the statute consists entirely of restrictions and prohibitions on collection activity, and held that the entire statute is preempted."); <u>Coll. Loan Corp. v. SLM Corp.</u>, 396 F.3d 588, 599 (4th Cir. 2005) ("[T]he existence of the Secretary's exclusive authority

Page 10 - OPINION AND ORDER

to enforce the HEA and its regulations does not, standing alone, mandate the conclusion that a state law claim which relies on HEA violations for support 'obstructs' the federal scheme.") Nevertheless this Court finds <u>Brannan</u> controlling in this Circuit. Based on the Ninth Circuit's broad preemption finding in <u>Brannan</u>, plaintiff's claim for invasion of privacy based on an intrusion upon seclusion is also preempted by the HEA.

## CONCLUSION

Defendant's motion to dismiss (doc. 49) is GRANTED and this case is dismissed with prejudice. All other pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 23rd day of February 2014.

_____
Ann Aiken
United States District Judge

Page 11 - OPINION AND ORDER